UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIN RANDLE,

       Petitioner,

vs.                                   CIVIL NO.: 05-40028
                                       CRIM NO.: 03-50026

                                       HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,       MAG. JUDGE WALLACE CAPEL, JR.

       Respondent.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

      This matter is before the Court on Petitioner Adrin Randle's "28 U.S.C. § 2255 Motion to Dismiss the Indictment and or Resentence Defendant," filed on January 25, 2005, (hereinafter "Petitioner's Motion"). Respondent, the United States of America, filed an "Answer and Brief in Response to Petitioner's Motion under 28 U.S.C. § 2255," on February 14, 2005, (hereinafter "Respondent's Brief"). Petitioner filed a supplemental document, entitled "Brief in Support of 28 U.S.C. § 2255 Petition and Motion for Discovery" on March 1, 2005, (hereinafter "Petitioner's Brief"). Petitioner replied to the Government's Answer and Brief, on April 1, 2005, (hereinafter "Petitioner's Reply").

1

## II. FACTS

Adrin Randle was originally charged in Michigan state court with felon in possession of a firearm and possession with intent to deliver marijuana.[1] On April 16, 2003, Randle was charged with federal gun and drug charges by a federal grand jury in Flint.[2] On September 11, 2003, Randle plead guilty to being a felon in possession of a firearm in U.S. District Court pursuant to a Rule 11 plea agreement that promised him a sentence no greater than the midpoint of the guidelines range that the court found to be applicable and dismissal of the drug charge.[3] On January 21, 2004, the court found the guideline range to be 57 to 71 months; thus, the Court sentenced Randle to a 64-month term of imprisonment.[4] There were no objections at sentencing.

## III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect of influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (citing Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962)).

---

[1] Petitioner's Motion at page 1.

[2] Indictment, filed April 16, 2003, Docket Entry No. 1.

[3] Rule 11 Plea Agreement, filed August 12, 2003; Plea Hearing Transcript, filed February 9, 2005; and Sentencing Transcript filed February 9, 2005, Docket Entries. Nos. 8, 17, and 18.

[4] Sentencing Transcript at pages 16-17.

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).[5]

## IV.   ANALYSIS

Petitioner's Motion appears to argue three main claims: first, that he was denied effective assistance of counsel at the state and federal level; second, that his sentence was illegal under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); and third, that his sentence was contrary to his Rule 11 Plea Agreement.

### A.   Procedural Default

Petitioner is attempting to raise these claims for the first time on collateral review.[6]  "[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct 1584, 1593 (1982) (citations omitted).  It is not in dispute that Petitioner failed to raise these issues on direct appeal.  Petition made no direct appeal.  It is well settled that

> [w]hen the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense.

Fair v. United States, 157 F.3d 427, 430 (6th Cir.1998) (citation omitted).

---

[5]The Court has determined that an evidentiary hearing is not necessary in this case.

[6]Respondent's Brief at pages 4-5.

Therefore, the Court should not address Petitioner's issues, which are raised for the first time here under a "28 U.S.C. § 2255 Motion to Dismiss the Indictment and or Resentence Defendant." Petitioner, in fact, made the following waiver in his Rule 11 Plea Agreement:

> Defendant waives any right to file a direct appeal from the conviction or sentence, including any right under 18 U.S.C. §3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines, except defendant may appeal the district court's failure to accept a stipulation contained within this agreement regarding applicable guideline provisions. Defendant may also appeal the district court's decision imposing an offense level enhancement based on a factor not the subject of a stipulation if the defendant makes a timely objection in the district court.[7]

Petitioner has made no argument for why he failed to make a direct appeal. Where Petitioner "has not demonstrated cause, it is unnecessary to determine if he has shown prejudice." Eaddy v. United States, 20 Fed. Appx. 463, 464, 2001 WL 1176382, at *1 (6th Cir. 2001) (unpublished) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).

Notwithstanding his procedural default, petitioner's claims are without merit. Petitioner's claim that his sentence is in violation of the ruling in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004),[8] would fail because he was sentenced on January 21, 2004. Blakely was decided June 24, 2004. Id. Claims that a sentence was imposed in violation of Blakely are now governed by the intervening decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and are not retroactive. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).[9]

---

[7]Rule 11 Plea Agreement at page 6, Docket Entry No. 8.

[8]Petitioner's Motion at page 3; Petitioner's Reply at page 1.

[9]In Humpress, the following factual scenario existed:
Humphress argued that his sentence was imposed in violation of Blakely, --- U.S. ---- 124 S.Ct. 2531, 159 L. Ed. 2d 403, because the trial judge increased his sentence

Petitioner does point out that he was sentenced after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).[10] However, in United States v. Martinez, 253 F.3d 251 (6th Cir. 2001), the Sixth Circuit held that

> The Supreme Court in Apprendi expressly declined to overrule its earlier holding that sentencing factors may be used to increase the penalty for an offense under a preponderance of the evidence standard. See 120 S.Ct. at 2361, n. 13. Rather, Apprendi only requires those sentencing factors that increase the penalty *beyond the statutory maximum* to be submitted for proof beyond a reasonable doubt. Id. at 2362-63 (emphasis added).

Martinez, 253 F.3d at 256, n. 6. Under Apprendi, a judge may use a preponderance of the evidence standard in making a finding as long as the sentence does not exceed the statutory maximum. Harris v. United States, 536 U.S. 545, 558, 122 S. Ct 2406, 2414-15 (2002); see also United States v. Leachman, 309 F.3d 377, 382-83 (6th Cir. 2002). Thus, Apprendi only applies if a fact increases the penalty for a crime beyond the prescribed statutory maximum. Harris, 536 U.S. at 558. The present Petitioner was convicted within the statutory maximum.

Petitioner also argues that his 64-month sentence is in violation of his Rule 11 Plea Agreement.[11] However, as Respondent points out, he was sentenced within the guideline range;

---

based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker's rule does not apply retroactively in collateral proceedings, we find this claim meritless.

Humphress, 398 F.3d at 860.

[10]Petitioner's Reply at page 1.

[11]Petitioner's Motion at page 4.

thus, his 64 month sentence did not violate his agreement.[12] Specifically, the District Court stated at the plea:

> Part 2A says that there's an understanding between yourself and the Government that a sentence of yourself to prison for not more than the mid-point of the sentencing guideline range for a prison sentence that I find to be applicable, that is the mid-point of whatever sentencing guideline range I find to be applicable in your case would an appropriate disposition of this case.[13]

Petitioner acknowledged understanding of this agreement to the mid-point of the range during the plea hearing.[14] Additionally, at sentencing the District Court stated that the "guideline range is from 57 to 71 months. And of course the Rule 11 agreement that you bargained for provides for a 64 month possible sentence."[15] Petitioner was asked if he had any questions regarding his sentence at the conclusion of the hearing. He stated, "No, sir."[16] There were no objections. Thus, if he believed his enhancements were the result of something that was not included in his stipulations, Petitioner failed to preserve the issue for direct appeal, pursuant to his Rule 11 Agreement and the appellate waiver provisions.

Nonetheless, Plaintiff did not procedurally default on his claim regarding ineffective assistance of counsel. Petitioner's claim of ineffective of assistance of counsel is properly before this court, even though it was not raised on direct appeal.

---

[12] Respondent's Brief at page 16.

[13] Plea Hearing Transcript page 21.

[14] Id.

[15] Sentencing Transcript at page 16.

[16] Sentencing Transcript at page 20.

> "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992); see also Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding).

United States v. Foster, 376 F.3d 577, 593 (6th Cir. 2004). Therefore, this Court will only address Petitioner's claim regarding ineffective assistance of counsel.

### B. Ineffective Assistance of Counsel

Petitioner alleges that his counsel at both the state and federal level were ineffective.[17] To show that he was denied the effective assistance of counsel under federal constitutional standards, "[f]irst, defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation. United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995) (citation omitted). Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. O'Hara v. Wigginton, 24 F.3d 823, 827 (6th Cir. 1994) (citing Strickland, 446 U.S. at 689).

---

[17] Petitioner's Motion at page 1.

First, Petitioner's claim regarding his counsel at the state level must be analyzed. In <u>United States v. Nixon</u>, 318 F. Supp. 2d 525, 526 (E. D. Mich. 2004), the district court found jurisdiction. The Honorable John Feikens found the following:

> The government disputes my jurisdiction to determine if defendants were ineffectively assisted by counsel during the state court plea agreements. However, in <u>Waite v. United States</u>, the Sixth Circuit reviewed, without disputing jurisdiction, a federal district's court determination on a motion to vacate sentence, which focused on arguments regarding Constitutional violations at the state court plea agreement stage. 601 F.2d 259 (1979). In <u>Waite</u>, the Sixth Circuit considered whether a plea that had both federal and state court components was unconstitutionally coerced and whether the federal government had kept its promises to the defendant. <u>Id.</u>
>
> Similarly, here, one of the questions before me is whether the federal government was so involved in the prosecution and plea stage in state court that I should find that the United States Attorney made promises to Defendants (and, therefore, that the plea agreement in state court can be enforced against the United States Attorney as a remedy for the violation of a Constitutional right). Clearly, a federal district court has the power to determine whether the U.S. Attorney has made promises to a defendant before it, and whether such a defendant was adequately represented in his or her decision regarding that plea. Therefore, I find that I do have jurisdiction to decide the question of ineffective assistance of counsel.

<u>Id.</u> However, in the present case, an affidavit provided by the Supervisory AUSA, Robert W. Haviland, establishes that there was no non-prosecution agreement arising between the federal prosecution and the state prosecution of Petitioner's crime, relating to "Project Safe Neighborhoods," or any other social program.[18] Further, the AUSA Haviland stated in the same affidavit that no one, other than himself, has authority to enter into any such agreements.[19] Thus, Petitioner cannot establish any ineffective assistance of state or federal counsel in this regard.[20]

---

[18]Respondent's Brief, Attachment No. A.

[19]<u>Id.</u>

[20]Petitioner does attach a Wayne County "Pretrial Settlement Offer" to his Brief that states that the state case will be dismissed if he is prosecuted under federal law, but the defendant's name, Craig S. Adams, listed is not Petitioner's name, Adrin Randle. Thus, the document is irrelevant to

In terms of Petitioner's federally appointed counsel, Petitioner makes a superficial argument that "federal counsel was ineffective as to making motions, the guilty plea, sentencing and to the matters in the State Court."[21] Such "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

Additionally, during his guilty plea and sentencing, Petitioner had the opportunity to express concern regarding his counsel and failed to do so. In fact, he stated that his plea was not coerced or forced and was free and voluntary, and that no one had directly or indirectly made promises other than what the plea agreement set forth.[22] Additionally, at sentencing, he stated that he had discussed the PSR with his attorney.[23] Lastly, after his sentence, he stated that he had no questions regarding same.[24]

Petitioner also alleges that his federal counsel failed to object to the four level enhancement at sentencing.[25] However, Petitioner acknowledged review of his PSR, and just as in United States

---

the matter before the court. Petitioner's Brief, Exhibit A.

[21] Petitioner's Motion at page 3; Petitioner's Brief at page 3. See also Respondent's Brief at page 8, n.1 (citing United States v. Mick, 263 F.3d 553 (6th Cir. 2001); United States v. Layne, 192 F.3d 556(6th Cir. 1999)).

[22] Plea Hearing Transcript at page 33.

[23] Sentencing Transcript at page 3.

[24] Sentencing Transcript at page 20.

[25] Petitioner's Reply at page 2 (improperly labeled "3").

9

v. Carter, 355 F.3d 920, 925-26 (6th Cir. 2004), his PSR specifically included factual allegations which justified the enhancement pursuant to 2K2.1(b)(5).  In Carter,

> Carter did not lodge an objection to the PSR; indeed, his counsel specifically accepted it. "The district court is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object." United States v. Levy, 250 F.3d 1015, 1018 (6th Cir. 2001); see also United States v. Garcia-Meza, 315 F.3d 683, 686 (6th Cir. 2003) (no plain error where the district court accepts a PSR to which no objection was lodged). The court found, without objection, that Carter possessed the firearm in conjunction with a felony drug offense. There was no plain error in this finding.

Id. at 125-26.  Thus, the failure to object is not evidence of ineffective counsel.

## V.    CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED.**

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations.  Either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

s/Wallace Capel, Jr.

**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:**   November 16, 2006

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

### CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James C. Mitchell,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Adrin Randle, 10413051, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160.

                                              s/James P. Peltier
                                              United States District Court
                                              Flint, Michigan 48502
                                              810-341-7850
                                              E-mail: pete_peltier@mied.uscourts.gov